IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                                              :
IN RE HERLEY INDUSTRIES, INC.,          :          Civil Action No. 06-2964
DERIVATIVE LITIGATION                      :
_____:

THE INDIVIDUAL DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS COMPLAINT

I.        Introduction

        Plaintiff Michelle Blair and Harvey Houtkin ("Plaintiffs") filed a shareholder derivative complaint in the above-referenced case on behalf of Herley Industries, Inc. ("Herley").  The gravaman of the complaint is:  (1) alleged oversight failure by the Herley board of directors (the "Board") to discover and correct claimed fraudulent activity in government contracts by Lee Blatt ("Blatt"), Herley's former chairman; and (2) alleged wrongful conduct by the Board regarding Blatt's severance from the company.  Plaintiffs have named as defendants Herley, Blatt, and the current Board members.  The complaint categorizes Plaintiffs' claims as state law claims for breach of fiduciary duties and unjust enrichment.  Plaintiffs are seeking monetary damages and equitable relief.

        Undersigned counsel represents the following defendants, identified by the complaint as the current Board members of Herley:  Myron Levy, John Thonet, Edward Bogucz, Carlos Campbell, Edward Walker, and Robert Moore (collectively, the "Individual Defendants").   The Individual Defendants hereby move to dismiss the complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

        There are four main reasons that the Court should dismiss the complaint.  First and foremost, this entire case should be dismissed because Plaintiffs failed to make a pre-complaint demand for relief on the Board and failed to allege with particularity that such a demand would be futile, as required by Fed. R. Civ. P. 23.1 and Delaware law.  Second, under express Delaware law and Herley's charter, the

Individual Defendants cannot be held liable for a breach of the fiduciary duty of care. Third, three of the Individual Defendants were not even on the Board for any of the alleged misconduct of Blatt, and thus could not be held liable for any "oversight" breach of fiduciary duties regarding such conduct. Fourth and finally, Plaintiffs have failed to allege sufficient elements to support a claim for unjust enrichment as to the Individual Defendants.

Each of these issues is discussed separately below.

## II.     Allegations of the Complaint

Plaintiffs filed the Verified Consolidated Derivative Complaint (the "Complaint") on January 12, 2007. The Complaint contains many sweeping and conclusory allegations, and a significant amount of redundancy. However, the actual underlying facts and theories pled are straightforward.

Herley is a Delaware corporation. Herley's headquarters are located in Lancaster, PA. Herley designs and manufactures precision equipment for the military and other industries. Compl. ¶¶ 8 and 13.

Plaintiffs are shareholders in Herley. Although providing no dates regarding when their shares were purchased or how many shares they hold, the Complaint alleges that Plaintiffs held their shares "at times relevant herto." Id. ¶¶ 11-12.

The named defendants in the case are Herley, Blatt, and the Individual Defendants. Blatt was one of the founders of Herley. Prior to his severance in 2006, Blatt was the chairman of the Board. Id. ¶ 14.

The Individual Defendants were named to the Board at different times. Mr. Thonet was named to the Board in 1991. Mr. Levy has been on the Board since 1992. Mr. Walker joined the Board in 1997. Mr. Moore and Dr. Bogucz were appointed in 2003. Mr. Campbell joined the board in 2005. Id. ¶¶ 15-20.

The Complaint alleges that Blatt engaged in contract fraud with the U.S. government during the time period of April of 2000 through December of 2002.  Id. ¶¶ 37 and 44.  During this time period, Plaintiffs claim that Blatt engaged in a scheme to inflate artificially the profits received by Herley.  Blatt allegedly provided the government with fraudulent quotations for military parts and fraudulent support for those quotations.  None of the Individual Defendants are alleged to have participated in this claimed misconduct.  Id. ¶¶ 37-50.

Instead, Plaintiffs allege that the Individual Defendants are liable as Board members on an "oversight" theory.  Plaintiffs assert that the Individual Defendants and Herley's compliance programs failed adequately to oversee and prevent Blatt's alleged misconduct.  The Complaint claims that the Individual Defendants breached fiduciary duties of care, loyalty, and good faith by not conducting sufficient oversight of this conduct.  Id. ¶¶ 27-28, 51-55.

On June 6, 2006, Blatt and Herley were indicted in a criminal action in the Eastern District of Pennsylvania for wire fraud and related charges.[1]  None of the Individual Defendants were charged in the indictment.  Blatt and Herley pled not guilty and are pending trial.  In the Complaint, Plaintiffs at one point attempt a wholesale incorporation of this indictment, claiming that defendants breached their duties "as alleged herein and in the Indictment."  Id. ¶¶ 3 and 52.

On June 8, 2006, two days after the indictment, Blatt resigned from the Board.  Blatt's employment with Herley was governed by a written employment agreement.  The employment agreement permitted Blatt's termination "for cause" only if:  (1) he was actually convicted of certain felonies; or (2) there was a finding that he engaged in a willful and continuing failure to perform his duties and caused harm to Herley.  Id. ¶ 59.  With the criminal trial unresolved, these issues had not been determined.  Accordingly, Blatt was not terminated "for cause."  Because Blatt was not terminated for cause, he received certain salary and bonus payments that were required under his employment

---

[1]   The indictment was superseded in January of 2007.

agreement.   As part of this severance, Blatt also received a general release.   Out of these factual allegations, Plaintiffs assert further derivative claims based on the Board's conduct in resolving Blatt's severance terms.   Id. ¶¶ 59-61.

Plaintiffs also make general allegations of corporate waste, conspiracy, and that the Individual Defendants somehow received unjustified benefits.   However, Plaintiffs do not provide any specifics or details, such as exactly what benefits supposedly accrued to the Individual Defendants.   Id. ¶¶ 1, 31-36, and 81.

Based on all of these allegations, Plaintiffs filed the instant derivative action.   Prior to filing the Complaint, Plaintiffs never made a demand upon the Board for any action.   Instead, Plaintiffs allege that any such demand would be futile. [2]  Id. ¶¶ 72-73.

Out of their allegations, Plaintiffs assert only two substantive state law claims:   (1) breach of fiduciary duties (Count I); and unjust enrichment (Count II).   As relief, Plaintiffs seek damages and restitution from the Individual Defendants, as well as various forms of equitable relief.   Id. ¶¶ 74-83, Prayer for Relief.

Plaintiffs make no attempt in stating their substantive claims to differentiate or categorize which factual theories apply to which substantive claims.   However, in reviewing the Complaint, Plaintiffs' derivative claims are based on two distinct theories.   First, that the Board failed in its oversight responsibilities to monitor and/or prevent the alleged misconduct of Blatt.   Second, that the Board acted improperly in establishing Blatt's severance from Herley under his employment agreement.

---

[2]  Plaintiffs' original complaints, prior to filing the instant consolidated complaint, actually were filed shortly after the indictment, apparently without any consideration for making a demand on the Board.  For instance, Plaintiff Blair filed her original complaint on July 6, 2006, a mere one month after the indictment.

### III.   <u>Legal Standard For Motion To Dismiss</u>

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of a complaint.  <u>Holder v. City of Allentown</u>, 987 F.2d 188, 194 (3d Cir. 1993);  <u>Sturm v. Clark</u>, 835 F.2d 1009, 1011 (3d Cir. 1987).  When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to plaintiff.  <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002); <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). The court may not dismiss the complaint unless the plaintiffs can prove no set of facts which would entitle them to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  <u>See also</u> <u>Maloney v. City of Reading</u>, 2005 U.S. Dist. LEXIS 3499, **3-4 (E.D. Pa. March 7, 2005) (Sanchez, J.).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which the claims are based.  <u>Conley</u>, 355 U.S. at 47.  Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  <u>See</u> <u>id.</u>; Fed. R. Civ. P. 8(a).  A plaintiff, however, must plead specific factual allegations.  Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true.  <u>See</u> <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997); <u>Sterling v. Southeastern Pa. Trans. Auth.</u>, 897 F. Supp. 893 (E.D. Pa. 1995).

**IV.**  **Argument**

**A.**  **Because Plaintiffs Failed To Make A Pre-Complaint Demand And Are Unable To Prove Demand Futility, This Case Should Be Dismissed.**

In the instant case, Plaintiffs failed to make a pre-complaint demand for any relief upon the Board.  Moreover, Plaintiffs' Complaint fails to make sufficient particularized allegations that such a demand would have been futile.  Accordingly, under Fed. R. Civ. P. 23.1 and controlling Delaware law,[3] the Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

This issue has been fully briefed in Defendant Herley's Motion To Dismiss the Complaint.  The Individual Defendants hereby join in and fully incorporate those arguments.

If the Court finds that this case should be dismissed on the above-referenced basis, it is unnecessary for the Court to consider any further arguments regarding the Individual Defendants.  However, in the interests of a thorough presentation to the Court, the Individual Defendants also address below additional arguments that justify the dismissal of the Complaint as to the Individual Defendants.

**B.**  **The Individual Defendants Cannot Be Held Liable For An Alleged Breach Of Fiduciary Duty Of Care.**

Plaintiffs attempt to allege an "oversight" claim against the Board, alleging that the Individual Defendants failed properly to prevent or monitor Blatt's alleged contracting misconduct.  Compl. ¶¶ 27-28, 74-79.  In this context, the Complaint alleges that the Individual Defendants violated a fiduciary duty of care.  Id.  Controlling Delaware law recognizes a "triad" of fiduciary duties in such oversight cases, including the duty of care, the duty of loyalty, and the duty of good faith.  See, e.g., Stone v. Ritter, 911 A.2d 362, 370 (Del. 2006).

---

[3] Because Herley is a Delaware corporation, Compl. ¶ 8, substantive Delaware law will apply to this Court's consideration of a motion to dismiss the Complaint based on these issues of corporate law and corporate duties.  See Blasband v. Rales, 971 F.2d 1034, 1047 (3d Cir. 1992).

However, under Herley's certificate of incorporation and controlling Delaware statutory law, the Individual Defendants cannot be held liable for any alleged breach of a fiduciary duty of care. Therefore, all claims and allegations against the Individual Defendants based on the fiduciary duty of care must be dismissed.

Moreover, a close reading of the Complaint reveals that Plaintiffs' strategic attempts to plead other aspects of the oversight claim as violating different fiduciary duties (e.g., good faith or loyalty) are simply mistaken and conclusory attempts to re-cast duty of care claims, and thus also should be dismissed. Finally, to the extent that Plaintiffs have correctly categorized aspects of their "oversight" claim as involving other fiduciary duties, Plaintiffs have failed to make the necessary allegations of direct misconduct by the Board or a total lack of reporting systems that would support the liability of the Individual Defendants for such an oversight claim. Therefore, Plaintiffs' oversight claim must be dismissed in its entirety as to the Individual Defendants.

> **i.      Herley's Corporate Charter And Explicit Delaware Law
> Preclude Any Director Liabililty Based On A Duty Of Care.**

Section 102 of the Delaware Corporate Code provides that corporations may enact a provision "eliminating or limiting the personal liability of a director to the corporation or its stockholders for monetary damages for breach of a fiduciary duty as a director," subject to certain exceptions. 8 Del. C. § 102(b)(7) ("Section 102(b)(7)"). The express purpose of Section 102(b)(7) is to render duty of care claims not cognizable, shielding directors from any liability based on a fiduciary duty of care. See In Re Lukens, Inc. S'holder Lit., 757 A.2d 720, 734 (Del. Ch. 1999).

In this case, Herley's Certificate of Incorporation contains a Section 102(b)(7) provision.[4]

Specifically, Herley's Certificate of Incorporation provides in relevant part:

> No person who is or was at any time a director of the corporation shall be personally liable to the corporation or its stockholders for monetary damages for any breach of fiduciary duty by such person as a director . . . [subject to the exceptions set forth in Section 102(b)(7)].

See Exhibit A, § 12 (Certificate of Amendment, filed February 3, 1987).

Delaware courts uniformly hold that shareholder complaints asserting claims for breach of the duty of care must be dismissed once the corporation's Section 102(b)(7) exculpatory provision is properly invoked. See Malpiede v. Townson, 780 A.2d 1075, 1095 n.71 (Del. 2001); Lukens, 757 A.2d at 734; see also In re Reliance Sec. Litig., 135 F. Supp. 2d 480, 520 (D. Del. 2001) (the "exculpatory clause . . . shields directors from liability for claims based on a breach of the duty of care"); In Re Baxter Intern., Inc. S'holders Litig., 654 A.2d 1268, 1270-71 (Del. Ch. 1995) (finding that 102(b)(7) provision shields directors from liability for breach of oversight duty); In re Frederick's of Hollywood, Inc. S'holders Litig., 2000 Del. Ch. LEXIS 19, at *18 n.12 (Del. Ch. Jan. 31, 2000) ("It is well established Delaware law that an exculpatory provision in a certificate of incorporation that is authorized by 8 Del. C. § 102(b)(7) shields the corporation's directors against a judgment for money damages . . . .").

The application of Section 102(b)(7) and Herley's corporate charter to Plaintiffs' "oversight" claim regarding the Individual Defendants is straightforward. Where Plaintiffs allege that the Individual Defendants breached a duty of care in connection with the oversight of Blatt's alleged fraudulent actions, that claim must be dismissed as to the Individual Defendants.

---

[4]  A copy of Herley's Certificate of Incorporation, and all relevant amendments, is attached as Exhibit "A" hereto. This Court may consider Herley's Certificate of Incorporation in deciding this motion to dismiss. See In re Baxter Intern., Inc. Shareholders Litig., 654 A.2d 1268, 1275 (Del. Ch. 1995) (the court may take judicial notice of the certificate in deciding a motion to dismiss); Lukens, 757 A.2d at 734 n.39; see also In Re Merck & Co., Inc., 2006 U.S. Dist. LEXIS 27861, *53 n.6 (D.N.J. May 5, 2006) (collecting Third Circuit precedent regarding consideration of corporate charters in motions to dismiss).

**ii.    Plaintiffs' Conclusory Allegations That The Individual Defendants Breached Duties Of Good Faith and Loyalty Actually Are Impermissible <u>Attempts To Mis-plead Duty Of Care Claims.</u>**

The duty of care claims regarding the Individual Defendants' oversight duties appear to cover virtually all of the oversight issues in the Complaint.  Indeed, Plaintiffs allege that the duty of care here governed "the exercise of due care and diligence in the management and administration of the affairs of the Company . . .," an allegation that in substance covers the entirety of Plaintiffs' claim that the Individual Defendants somehow failed in their oversight duties over Blatt's alleged misconduct.  Compl. ¶ 27.  Recognizing that all of these duty of care allegations would be dismissed under Section 102(b)(7), Plaintiffs have attempted strategically to re-characterize the nature of their oversight claim as based on the fiduciary duties of loyalty and/or good faith.  <u>Id.</u> ¶ 28.  However, such conclusory allegations are contrary to common sense and a reasonable reading of the actual factual allegations of the Complaint, and therefore still should be dismissed as barred duty of care claims.

Under established Delaware law, a determination of whether more than a due care claim has been properly pleaded turns upon an examination of a complaint's factual allegations, not plaintiff's characterization of its claims.  <u>See</u> <u>In re BHC Communications S'holders Litig.</u>, 789 A.2d 1, 10 (Del. Ch. 2001) (a complaint should be dismissed if it appears, after careful examination of the complaint, that the factual basis for the claim solely implicates a violation of the duty of care). In order adequately to allege a breach of the duties of loyalty and good faith, plaintiffs must allege particularized facts showing that the independent directors "<u>consciously and intentionally disregarded their responsibilities</u>." <u>In re Walt Disney Co. Derivative Litig</u>, 907 A.2d 693, 754 (Del. Ch. 2005) (<u>citing</u> <u>In re Walt Disney Co. Derivative Litig.</u>, 825 A.2d 275, 289 (Del. Ch. 2003)) (emphasis in the original); <u>see also</u> <u>Lukens,</u> 757 A.2d at 731 ("[W]ithout

some factual basis to suspect [the directors'] motivations," complaint implicates duty of care, not duties of loyalty or good faith).

In this case, Plaintiffs simply have failed to make anything more than conclusory allegations regarding the Individual Defendants' alleged duty of loyalty or good faith. Plaintiffs repeatedly claim that the defendants "were aware or should have been aware" of Blatt's misconduct, that the defendants conspired "to purposefully, recklessly or negligently misrepresent [Herley's] business operations and financial results," that the defendants "knew or recklessly disregarded the substantial risk of criminal indictment," and innumerable other sweeping allegations that in fact saying nothing specific. Compl. ¶¶ 27, 35, 44, and 55. Plaintiffs "demand futility" allegations are similarly conclusory. However, Delaware courts specifically have found that conclusory oversight claims that directors "knew or should have known" of misconduct fall within the scope of Section 102(b)(7). See In Re Baxter Intern., Inc. S'holders Litig., 654 A.2d at 1268, 1269 (Del. Ch. 1995) (claim that directors "knew, were reckless or grossly negligent in causing or failing to prevent" fraudulent scheme by employees fell within scope of exculpatory provision); In Re Dataproducts Corp. S'holders Litig., 1991 Del. Ch. LEXIS 149, *16 (Del. Ch. Aug. 22, 1991)) (applying exculpatory clause where "[n]ot even inferentially does [the complaint] suggest that the directors acted in bad faith or with intent to allow the shareholders to be harmed"); see also Peter Schoenfeld Asset Management, LLC v. Shaw, 2003 Del. Ch. LEXIS 79, *6 (Del. Ch. July 10, 2003) (conclusory statements which are "unsupported by well-pled factual allegations" should not be deemed sufficient on a motion to dismiss).

Similarly, Plaintiffs go to great lengths to set forth the general affirmative duties and obligations the individual directors owe Herley. Compl. ¶¶ 22-30, 75. Plaintiffs then conclude

that these duties and obligations were breached.  Id. ¶ 76.  However, nowhere in the Complaint do Plaintiffs plead how the individual directors breached these duties and obligations, by pleading what was known, when it was known, who knew it, or what conduct the Individual Defendants actually engaged in.

Instead of all of these pleading gymnastics and broad-but-mindless allegations, the Court should focus on what is truly alleged.  Plaintiffs allege that the Individual Defendants failed to properly oversee Blatt in his day-to-day contracting activities, purportedly allowing him to conduct a fraudulent contracting scheme.  Such an allegation is the very definition of a duty of care claim, as recognized by Plaintiffs when they say that the breached duty of care here concerned "diligence in the management and administration of the affairs of the Company."  Compl. ¶ 27.  This is the essence of Plaintiffs' oversight claim, no matter how they attempt to plead it under duties of good faith or loyalty.  And as a true duty of care claim, it falls squarely within the protective scope of Section 102(b)(7) and Herley's Certificate of Incorporation.  Accordingly, the Individual Defendants cannot be held liable for this claim and it should be dismissed pursuant to Rule 12(b)(6).

> **iii.     Plaintiffs Fail To Meet The Stringent Pleading Requirements Of A Duty Of Loyalty Or Duty Of Good Faith Oversight Claim.**

To the extent that Plaintiffs still attempt to assert that they have alleged an oversight claim under the duties of good faith or loyalty, separate from the duty of care, it is clear that they have not met the stringent pleading requirements of such a claim.  As previously described, Plaintiffs are attempting to assert an oversight claim based on the Board's duty to oversee the day-to-day conduct of one individual, defendant Blatt.  However, as numerous courts have held, a claim that directors are personally liable based on the oversight of the alleged misconduct of one individual is "possibly the most difficult theory in corporation law upon which a plaintiff

might hope to win a judgment."  Stone v. Ritter, 911 A.2d 362, 372 (Del. 2006), citing In Re Caremark Int'l Inc. Deriv. Litig., 698 A.2d 959, 967 (Del. Ch. 1996).  In order to support such liability, a plaintiff must plead and prove:  "(a) that directors utterly failed to implement any reporting or information or controls; or (b) having implemented such a system or controls, [the directors] consciously failed to monitor or oversee its operations thus disabling themselves from being informed of risks or problems requiring their attention."  Stone, 911 A.2d at 370 (emphasis added).  Thus, in essence, a plaintiff would have to allege either a complete lack of auditing and compliance systems or that the directors themselves were somehow directly and knowingly involved in the scheme.

Plaintiffs here have simply failed to meet these stringent pleading requirements.  First and plainly, the Complaint fails to allege that any of the Individual Defendants actually were a part of the alleged misconduct of Blatt.

Moreover, the Complaint fails to allege that there was a complete lack of controls or reporting systems at Herley.  To the contrary, Plaintiffs allege the existence of an audit committee and a corporate governance committee, both charged with overseeing internal controls at Herley.  Compl. ¶¶ 72(g) and (h).  While Plaintiffs claim that the Individual Defendants "utterly failed" in their monitoring of these systems, this still only amounts at best to an allegation of gross negligence that would fall under the duty of care, and does not come close to alleging that the Individual Defendants were "consciously failing" to monitor these systems, an allegation that would require knowing and intentional conduct by the Individual Defendants on this issue.  Plaintiffs have not made this required allegation because they cannot make it in good faith.

Therefore, Plaintiffs have failed to state an "oversight" claim against the Individual Defendants under a theory of a breach of fiduciary duties of loyalty or good faith.  Thus, the oversight claim fails in its entirety and should be dismissed as to the Individual Defendants.

******************

To summarize, Plaintiffs have attempted to assert an "oversight" claim against the Individual Defendants for allegedly failing to monitor or prevent Blatt's purportedly illegal conduct.  This claim is based on allegations of a breach of fiduciary duties of care, loyalty, and/or good faith.  However, under clear Delaware law and Herley's corporate charter, the Individual Defendants cannot be held liable on a duty of care theory.  The remaining allegations of the oversight claim all fall under this legally barred duty of care theory.  Moreover, even considering this claim under the duties of loyalty or good faith, Plaintiffs have completely failed to meet the stringent pleading requirements for making out such a claim.  Accordingly, Plaintiffs' oversight claim fails entirely as to the Individual Defendants, and thus should be dismissed pursuant to Rule 12(b)(6).

### C. The Individual Defendants Who Did Not Become Directors Until After The Alleged Misconduct By Blatt Cannot Be Held Liable For Any "Oversight" Fiduciary Duty Regarding Such Conduct.

The majority of Plaintiff's Complaint is dedicated to describing defendant Blatt's alleged government contract fraud misconduct and the Board's asserted "oversight" failure in monitoring and preventing such conduct.  See generally Compl. ¶¶ 2-3, 22-50.  Plaintiffs are seeking damages and restitution from the Individual Defendants based on this claim.  However, in making these sweeping allegations, Plaintiffs have overlooked one simple fact - - Individual Defendants Moore, Bogucz, and Campbell were not appointed to the Board until after Blatt's

13

alleged misconduct, and thus cannot be held be held liable for any such alleged oversight failure.[5]

According to the Complaint, Blatt's "scheme to defraud" the government covered a period "commencing approximately April 2000 and continuing through until approximately December 2002." Compl. ¶ 37. Plaintiffs then allege that, "From April 2000 through in or about December 2002, the Individual Defendants were aware or should have been aware" of Blatt's alleged misconduct. Id. ¶ 44 (emphasis added). Thus, Plaintiffs themselves have specified the relevant oversight time period as 2000-2002. From these allegations, Plaintiffs base the majority of their "oversight" allegations regarding the Individual Defendants, which fall under the general theory of a breach of fiduciary duties.[6]

The 2000-02 time-frame of Blatt's alleged misconduct then must be compared to the appointment dates of the directors, as pled by Plaintiffs. Plaintiffs allege that Individual Defendants Moore and Bogucz were not appointed to the Board until 2003, and Campbell was not appointed until 2005. Compl. ¶ 17, 18, 20.

Given the time-frame of Blatt's alleged fraud (2000-02) and the appointment dates of Moore, Bogucz, and Campbell (2003 and 2005), it is simple logic that these Individual Defendants cannot be held liable in any conceivable fashion for an alleged "oversight" breach of fiduciary duties regarding Blatt's conduct. As has previously been discussed, it is virtually impossible for a plaintiff to establish oversight failure in the context of one individual's alleged misconduct, unless the Board actually participated in the misconduct (which is not alleged in this

---

[5] This issue obviously also has strong implications for the "demand futility" argument addressed in Herley's motion, and is addressed in that motion.

[6] Plaintiffs make several thinly veiled attempts to stretch this time period, trying to allege that the relevant oversight time period should be the entire period of 2000 through June 5, 2006 (the day before the indictment). See, e.g., Compl. ¶¶ 51 and 54. However, a close reading of the Complaint reveals that Plaintiffs are simply conflating two separate legal theories - - oversight of Blatt from 2000-2002 and the Board's role in Blatt's severance in 2006. Moreover, having specified the time period of April 2000 through December 2002, Plaintiffs have explicitly acknowledged the logical and necessary limits of their "oversight" theory.

case).  However, it is even clearer that Board members who were not on the Board during the alleged misconduct cannot be charged with any oversight failure, since they literally did not have an opportunity to participate in any oversight.

Simply put, Moore, Bogucz, and Campbell were not on the Board during the relevant time period for this oversight claim.  Accordingly, any such claim must be dismissed as to Individual Defendants Moore, Bogucz, and Campbell pursuant to Rule 12(b)(6).

### D.  Plaintiffs Have Failed To State A Claim For Unjust Enrichment As To The Individual Defendants.

In Count II of the Complaint, Plaintiffs seek relief on a theory of unjust enrichment.  This claim fails at a fundamental level because Plaintiffs have neglected to allege that Plaintiffs received any benefit, much less the "unconscionable" benefit required to support such a claim.

Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity or good conscience."  Fleer Corp. v. Topps Chewing Gum, Inc., 539 A.2d 1060, 1062 (Del. 1988).  The elements of a claim for unjust enrichment under Delaware law are: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law."  Cantor Fitzgerald, L.P. v. Cantor, Del. Ch., 724 A.2d 571, 585 (1998).  The Supreme Court of Delaware has held that to prevail on an unjust enrichment claim against directors, a plaintiffs must prove that the directors "secured a benefit, and that it would be unconscionable to allow [them] to retain that benefit." Schock v. Nash, 732 A.2d 217, 232 (Del. 1999) (citations omitted). Similarly, under Pennsylvania law, a plaintiff would have to demonstrate that a defendant wrongfully secured or passively received a benefit that would be unconscionable for the defendant to retain without compensating the provider.  See Hershey Foods Corp. v. Chapek, 828

15

F.2d 989, 999 (3d Cir. 1987).  Thus, under Delaware or Pennsylvania law, at a minimum, a plaintiff must allege a benefit received by the defendant and that retention of the benefit would be unconscionable.[7]

In the Complaint, Plaintiffs make only the broadest possible allegation of any benefit received by the Individual Defendants.  Plaintiffs merely allege that, "By their wrongful acts and omissions, Individual Defendants were unjustly enriched at the expense of and to the detriment of Herley."  Compl. ¶ 81.  Nowhere in the Complaint do the Plaintiffs make any attempt to state what benefit actually was received by the Individual Defendants.  Thus, Plaintiffs seem to be taking the novel position that they can assert an unjust enrichment claim without ever stating how defendants were enriched (i.e., what the benefit was).  Even more deficiently, Plaintiffs have failed to make even a conclusory allegation that retention of any benefit by the Individual Defendants would be unconscionable in any way.  Given the fact that Plaintiffs have failed to name any benefit received by the Individual Defendants, it is logical that Plaintiffs also would fail to allege that retention of this unalleged benefit would be unconscionable.

Plaintiffs' attempt to assert an unjust enrichment claim is a specious attempt to create a legal theory that is not justified by the allegations of the Complaint or reality.  Plaintiffs appear to have simply pled a cluster of facts garnered from the indictment and Herley's website (Compl. ¶¶ 37-73), then attempted to attach a legal theory (Count II), without any attempt to link the alleged facts to the asserted theory.  Thus, Plaintiffs' unjust enrichment claim against the Individual Defendants completely fails and should be dismissed pursuant to Rule 12(b)(6).

---

[7]  As a substantive state law claim, plaintiffs may argue that either Pennsylvania or Delaware law applies to their unjust enrichment claim.  However, similar elements apply, resulting in no difference regarding the law of which state applies for purposes of this motion to dismiss.

## V.  <u>CONCLUSION</u>

For all of the foregoing reasons, pursuant to Fed. R. Civ. P. 12(b)(6), the Individual Defendants respectfully request that the Court dismiss the Complaint in its entirety.

**Respectfully submitted,**

<u>/s/ Joel L. Frank</u>
**Susan C. Mangold**
**Thomas P. Hogan, Jr.**
**Lamb McErlane PC**
**24 East Market Street**
**P.O. Box 565**
**West Chester, PA     19381**
**610-430-8000**

**Counsel For The**
       **Individual Defendants**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                       :
IN RE HERLEY INDUSTRIES, INC.,        :        **Civil Action No. 06-2964**
**DERIVATIVE LITIGATION**             :
_____:

### THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants Myron Levy, John Thonet, Edward Bogucz, Carlos Campbell, Edward Walker, and Robert Moore (collectively, the "Individual Defendants") hereby move to dismiss the complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).  In support of this motion, the Individual Defendant submit the accompanying memorandum of law, incorporated herein by reference.

                              **Respectfully submitted,**


                              /s/ Joel L. Frank
                              **Joel L. Frank**
                              **Susan C. Mangold**
                              **Thomas P. Hogan, Jr.**
                              **Lamb McErlane PC**
                              **24 East Market Street**
                              **P.O. Box 565**
                              **West Chester, PA    19381**
                              **610-430-8000**

                              **Counsel For The**
                              **        Individual Defendants**

## CERTIFICATE OF SERVICE

I, Thomas P. Hogan, Jr., hereby certify that on this date, I caused to be served a true and correct copy of the foregoing Individual Defendants' Motion To Dismiss The Complaint via first class mail, postage pre-paid, and/or by electronic filing on the following:

Matthew J. Siembieda
Timothy Katsiff
Evan H. Lechtman
BLANK ROME LLP
One Logan Square
Philadelphia, PA   19103

*Attorneys for Nominal Defendant*
*Herley Industries, Inc.*

David H. Pittinsky
BALLARD SPAHR ANDREW &
  INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA   19103

*Attorneys for Defendant*
*Lee N. Blatt*

Deborah H. Gross
LAW OFFICES OF BERNARD M.
GROSS, P.C.
Suite 450, Wanamaker Building
Juniper and Market Streets
Philadelphia, PA   19107

Mark C. Gardy
James S. Notis
GARDY & NOTIS, LLP
440 Sylvan Avenue, Suite 110
Englewood Cliffs, New Jersey 07632

Jacob A. Goldberg
FARUQI & FARUQI, LLP
P.O. Box 30132
Elkins Park, PA   19027

Nadeem Faruqi
Kara L. Marsallo
FARUQI & FARUQI, LLP
320 EAST 39TH STREET
New York, New York 10016

Mark S. Henzel
LAW OFFICES OF MARK HENZEL
273 Montgomery Ave., Suite 202
Bala Cynwyd, PA   19004

*Attorneys for Plaintiffs*

**Date:  February 26, 2007**                          /s/ Thomas P. Hogan, Jr.
                                                                      **Thomas P. Hogan, Jr.**

# EXHIBIT  A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____         :
                                              :
**IN RE HERLEY INDUSTRIES, INC.,**            :         **Civil Action No. 06-2964**
**DERIVATIVE LITIGATION**                     :
_____:

## ORDER

     AND NOW, this ___ day of _____, 2007, upon consideration of

the Individual Defendants' Motion To Dismiss the Complaint, the motions to dismiss

filed by other defendants, any response thereto by plaintiffs, and all other evidence before

the Court, it is hereby **ORDERED** that the motions are **GRANTED**.  Pursuant to Fed. R.

Civ. P. 12(b)(6), the Verified Consolidated Derivative Complaint in this case is

dismissed.

                  **BY THE COURT:**


                  _____
                  **JUAN R. SANCHEZ**
                  **Judge, United States District Court**