IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE DERIVATIVE LITIGATION, HERLEY INDUSTRIES INC. | Civil Action No. 06-CV-2964 (JRS) |

## ORDER AND FINAL JUDGMENT

The Stipulation of Settlement, dated May 10, 2010 (the "Stipulation"), of the above-captioned action (the "Action"), having been presented at the Settlement Hearing on July 9, 2010, pursuant to the Scheduling Order for Approval of Derivative Action Settlement entered herein on May 10, 2010 (the "Scheduling Order"), which Stipulation was joined in and consented to by all parties to the Action and which (along with the defined terms herein) is incorporated herein by reference; and the Court having found and concluded that notice of said hearing was given in accordance with the Scheduling Order to holders of common shares of Herley Industries, Inc. ("Herley") and that said notice was adequate and sufficient; and the parties having appeared by their attorneys of record; and the attorneys for the respective parties having been heard in support of the settlement of the Action; and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this 9th day of July, 2010, as follows:

1. Capitalized terms used in this order and not otherwise defined shall have the meanings set forth in the Stipulation.

2. The Notice of Proposed Settlement of Action (the "Notice") has been given to the holders of Herley common shares in the manner directed by the Scheduling Order, proof of the mailing of the Notice has been filed with the Court and full opportunity to be heard has been offered to all parties and persons in interest.

3. The Court finds and concludes that the form and manner of the Notice is the best notice practicable under the circumstances and fully complies with Fed. R. Civ. P. 23.1(c) and the Constitution of the United States and any other applicable law and constitutes due and sufficient notice to all persons entitled thereto.

4. The Court finds and concludes that the Settlement and all transactions preparatory or incident thereto are found to be fair, reasonable and adequate and in the best interests of Herley and approves the Settlement and all transactions preparatory or incident thereto pursuant to Fed. R. Civ. P. 23.1(c).

5. The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk of the Court is directed to enter and docket this Order and Final Judgment in the Action. [All objections have been considered by the Court and are found to be without merit and are hereby overruled.]

6. This Order and Final Judgment is a final judgment pursuant to Fed. R. Civ. P. 54(b), and shall not constitute any evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Action and should not be deemed to create any inference that there is any liability therefore.

7. The Action is hereby dismissed with prejudice as to all Defendants and against Plaintiffs on behalf of themselves or any holder of Herley common shares derivatively on behalf of Herley, without costs, except as provided in the Stipulation.

8. Plaintiffs, individually and derivatively on behalf of Herley, Herley, and any person who may claim by or through them (the "Releasing Parties"), completely, voluntarily, knowingly, unconditionally and forever release and discharge, and are deemed to release and forever discharge, Defendants and their heirs, executors and assigns, and Herley and its predecessors, successors, parents, subsidiaries, affiliates, and all of their respective present and former directors, trustees, officers, partners, employees, and attorneys (collectively, the "Released Parties") from any and all claims, rights, causes of action, suits, debts, charges, complaints, liabilities, matters and issues, whether matured or unmatured, known or unknown, that have been or could have been asserted in the Action or in any other proceeding by or on behalf of Plaintiffs individually, and/or by or on behalf of Plaintiffs or any Herley shareholder derivatively on behalf of Herley, and/or by Herley against any of the Released Parties arising out of, relating to, or based upon the allegations, facts, occurrences, transactions, or events described or referred to in the complaints in the Action (the "Settled Claims"), as well as claims relating to the defense, settlement and resolution of the Action or the Settled Claims, provided that the "Settled Claims" do not include the claims asserted in the litigation styled as *In re Herley Industries, Inc. Securities Litigation*, No. 06-CV-2596 (E.D. Pa.) (JRS), or other direct claims of purchasers of Herley securities other than Plaintiffs individually. Released Parties completely, voluntarily, knowingly, unconditionally and forever release and discharge, and be deemed to release and forever discharge, Plaintiffs and their counsel from all claims relating to the institution, prosecution, assertion, settlement and resolution of the Action or the Settled Claims.

9. The release provided in this Order and Final Judgment extends to claims that any Releasing Party does not know or suspect to exist at the time of the release, which, if known, might have affected the Releasing Party's decision(s) with respect to the Settlement. The Releasing Party

is deemed to relinquish, to the extent applicable, and to the full extent permitted by law, the provision, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code, and those provisions, rights, and benefits of Section 1542 itself, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

10. Dismissal of the Settled Claims with prejudice and on the merits shall become effective immediately upon the entry of this Order and Final Judgment and without any further action by the Court.

11. The Court permanently enjoins Plaintiffs and all other holders of Herley common shares, and any who may claim by and through them, from commencing or prosecuting, either directly or indirectly, any action or proceeding asserting any of the Settled Claims in this or any other forum.

12. Plaintiffs' counsel are hereby awarded fees and expenses in the aggregate amount of $975,000, for their services in the Action, which award the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' counsel in accordance with the terms of the Stipulation.

13. The Court reserves jurisdiction over all matters relating to the administration and consummation of this Order and the Stipulation.

_____
JUAN R. SANCHEZ
UNITED STATES DISTRICT JUDGE